# Bornstein et al. *v.* Salerno et al., Appellants.

*Landlord and tenant—Lease—Distress—Removal of goods during term—Rent not due—Burden of proof.*

1. If a landlord distrains, the burden is on him to show that rent was in fact in arrears and immediately due and payable.

2. A landlord cannot distrain for an amount not yet due, even though the tenant removes his goods from the premises.

3. Although the parties to a lease may extend the right of distress for rent not due by agreement, such agreement is subject to the rule that it will be construed most strongly against the landlord and in favor of the lessee, and cannot rest merely on inference.

4. A provision in a lease that removed property while rent remained unpaid, whether due or not, should remain liable for levy for rent for 30 days "the same as though they remained on the premises," is intended merely to make goods liable for rent subsequently accruing within the thirty days, though not due at the time of removal.

5. Such provision cannot be construed as giving the landlord the right on removal of goods to distrain for the entire future rent for a term of years.

Argued January 25, 1926. Appeal, No. 75, Jan. T., 1926, by defendants, from order of C. P. Lackawanna Co., Oct. T., 1923, No. 109, making absolute rule for judgment for want of sufficient affidavit of defense in case of Joseph Bornstein et al., trading as the Star Silk

Mfg. Co. v. Patrick Salerno (or Salenzo), the Ignatz Brown Estate et al. and Lena Brown, widow, and heirs and devisees of Ignatz Brown, deceased. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Replevin for goods unlawfully distrained.

Rule for judgment for want of a sufficient affidavit of defense. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was judgment, quoting record.

*William J. Fitzgerald,* for appellants.—A clause in a lease giving the right to distrain for the rent for the balance of the term in case of an attempted removal is valid: Platt Barber & Co. v. Johnson, 168 Pa. 47; Johns v. Winters, 251 Pa. 169; Braumbaugh v. Feldman, 47 Pa. Superior Ct. 10.

*B. Fenton Tinkham,* with him *Reese H. Harris,* for appellees.—In the absence of a clear express provision for acceleration of rent, a landlord cannot distrain except for rent due: Bantleon v. Smith, 2 Bin. 146; Mc-Kinney v. Reader, 6 Watts 34; Wells v. Hornish, 3 P. & W. 30; Case v. Davis, 15 Pa. 80; McElroy v. Dice, 17 Pa. 163; Thomas v. Gibbons, 21 Pa. Superior Ct. 635.

The terms of a lease are to be construed most favorably to the grantee: Henderson v. Clay Mfg. Co., 24 Pa. Superior Ct. 422.

It has been repeatedly decided in Pennsylvania that a landlord has no right to distrain for rent before it is payable, by the terms of the lease, even if the tenant is about to remove his goods: McElroy v. Dice, 17 Pa. 163; McKinney v. Reader, 6 Watts 34; Henderson v. Clay Mfg. Co., 24 Pa. Superior Ct. 422.

OPINION BY MR. JUSTICE FRAZER, March 15, 1926:

Defendants leased to plaintiffs premises at Nos. 420-422 Main Street, Old Forge, Lackawanna County, for the term of ten years from January 1, 1920, at the yearly rental of $1,500, "payable $125 monthly in advance." The lease provided that "Any goods removed from said premises either before or after expiration of the said term while any portion of the said rent remains unpaid, whether due or not, shall remain liable to distress for such rent for the period of thirty days after such removal, the same as though they remained upon the premises, and any removal of the goods from the said premises at any time, either by day or by night without the written consent of the said first party, shall be considered a clandestine and fraudulent removal, and if default shall be made in the payment of any part of said rent for five days after the same becomes due, or if the said second party shall break or evade, or attempt to break or evade, any of the covenants, agreements and conditions of this lease, the first party may forfeit and annul the unexpired portion of this lease and enter upon and repossess the said premises without process of law and without any notice whatsoever."

Plaintiffs took possession of the premises and continued to occupy them until May, 1923, at which time they proceeded to remove their goods and machinery without consulting lessors. Although the current installment of rent had been paid, defendant treated the removal as a breach of the lease and levied on plaintiffs' personal property by distraint under a landlord's warrant for the rent for the entire balance of the term, amounting to $9,875. Plaintiffs at once instituted an action of replevin, claiming the property levied on to have been wrongfully distrained, as no rent was then in arrears. In their affidavit of defense, defendants relied on the portion of the lease quoted above to support their contention of a right to distrain for the unpaid rent for the entire balance of the term by reason of re-

moval of personal property from the premises. The court below held the affidavit insufficient and entered judgment for plaintiffs for the property seized, and defendants appealed.

If a landlord distrains, the burden is on him to show that rent was in fact in arrears and immediately due and payable: McKinney v. Reader, 6 Watts 34, 41; McElroy v. Dice, 17 Pa. 163, 168. He cannot distrain for an amount not yet due, even though the tenant removes his goods from the premises: McElroy v. Dice, supra. And although the parties may extend the right of distress by agreement, such agreement is subject to the rule that it will be construed most strongly against the landlord and in favor of the lessee (McClintock & Irvine Co. v. Ætna Co., 260 Pa. 191, 195) and cannot rest merely on inference: Latimer v. Groetzinger, 139 Pa. 207, 212.

Applying the foregoing general principles to the present proceedings, defendants were bound to point to an express provision in the lease clearly authorizing them to distrain for rent accruing during the remainder of the term. Although customary in Pennsylvania to insert in leases a provision making the balance of rent for the entire term due and payable in case of default in any installment, the difficulty in the present case is that if the parties intended to create a situation of that character they failed to express their intention in language readily understandable. The only words referring to the matter are those contained in the clause "Whether due or not," and this language expressly negatives any idea of acceleration of rent. Defendant contends, however, that the clause in question clearly confers the right to levy for future rent for the remainder of the term and is consequently equivalent to an acceleration. We find no explicit provision in this clause giving the right to levy for rent not due, and the mere fact that such right might be implied from the words used is not sufficient to warrant that conclusion: Latimer v. Groetzinger, 139 Pa. 207.

The provision that removed property while rent remained unpaid, whether due or not, should be liable to levy for rent for 30 days "the same as though they remained upon the premises" was evidently intended merely to make such goods liable for rent subsequently accruing within the 30 days, though not due at the time of removal. When so construed, every clause in the paragraph is given full effect without resorting to a strained construction in any part. Had the parties desired to accelerate the balance of rent for the term in case of default, or to permit a levy for the amount that had not accrued under the terms of the lease, such intention could readily have been expressed in language which could not be misunderstood. Inasmuch as the parties did not see fit to set forth their intention in plain and comprehensive language we cannot make a contract for them by writing into the lease provisions they themselves omitted.

The judgment is affirmed.