MARGARET MANNA, PLAINTIFF-RESPONDENT, v. INDUS-TRIAL CREDIT CORPORATION, A CORPORATION; THOMAS MARRONE AND ABRAHAM H. CARCHMAN, DEFENDANTS-APPELLANTS.

Submitted May 10, 1932—Decided October 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the defendants-appellants, *Philip J. Scholland* (*Abraham H. Carchman,* of counsel).

For the plaintiff-respondent, *Green & Green* (*Harry Green* and *Mortimer J. Shapiro,* of counsel).

PER CURIAM.

The plaintiff recovered damages for the unlawful conversion of chattels in her possession at 14 Bloomfield avenue, Newark. There was evidence indicative that the chattels in question had been mortgaged by one Giorgio Angeloni, the plaintiff's former tenant. The tenant being in arrears, the plaintiff distrained for rent, and later purchased in at constable's sale the rights of the chattel mortgagee and received a bill of sale. The business was thereafter conducted by one Mercadante, as manager. The defendant, Industrial Credit Corporation, a judgment creditor of Mercadante, subsequently levied upon the goods in question as the property of Mercadante, and having purchased the same at a judicial sale

caused a writ of replevin to issue and took the goods from the store when the plaintiff was out. The plaintiff brought the present action sounding in trover.

Assuming, but not deciding, that the chattel mortgage given by Angeloni was invalid, still the plaintiff showed herself in actual possession of the goods under a claim of property at the time of the conversion. Possession alone was a sufficient basis for the present action. *Todd* v. *Jackson,* 26 *N. J. L.* 525. Of course, plaintiff's right would have been absolutely defeated if title to the goods had been in Mercadante, under whom the defendants claimed. Mercadante's testimony, however, was corroborative of the plaintiff and the circumstances which the defendant proved to show the contrary established nothing as a matter of law.

"Actual possession of a chattel at the time of a conversion thereof will sustain trover, except as to the true owner, or one claiming under him." 38 *Cyc.* 2046. "He who seeks to recover in trover must prove that he was in actual possession of the chattel converted at the time of conversion, or that he had the right of immediate possession thereof, and if such right of immediate possession depends on a property in the chattel, either general or special, he must also prove such property in himself as a fact." 38 *Cyc.* 2044. If the plaintiff were obliged to establish her right to possession as against the defendants, the proofs adduced made the case one for the jury. The plaintiff claimed, under the chattel mortgage, the rights of Angeloni, her defaulting tenant. The affidavit to the chattel mortgage may have been insufficient as between the mortgagee and Angeloni or his creditor, but the proofs show that at the sale Angeloni was present and said to the plaintiff, "you may have the goods." This was some evidence the plaintiff acquired the title of Angeloni.

On the proofs, as adduced, the learned trial judge took a view favorable to the defendants in submitting the issues to the jury. A nonsuit or a directed verdict would have been error.

The constable, who sold the goods to the plaintiff, was

shown to have conducted many sales of similar chattels and was certainly qualified to give testimony as to value at the time of the sale. His evidence was as to the value some three or four months before the conversion of the goods. This, and other testimony as to the price paid by the plaintiff, was competent on the question of value.

The judgment is affirmed, with costs.