THOMAS H. MATTESON *vs.* WM. S. SWEET & SON, INC.

JULY 9, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This proceeding is before us on an appeal by the receiver of the respondent corporation from the entry of a decree by the superior court under which certain assets in his hands are impressed with an equitable charge of $505 in favor of Providence Fruit and Produce Building, Inc., which sum the receiver is ordered to pay to such last-named corporation.

The record shows that Providence Fruit and Produce Building, Inc., a corporation hereinafter referred to as the lessor, rented certain space in its building to the respondent corporation, which we shall term the lessee, and which conducted in such premises a produce business. The original letting was under a written lease for one year, which lease was renewed and extended from year to year by written renewals duly executed thereon. The last renewal was made April 1, 1935 to extend the lease from April 15, 1935 to April 15, 1936. On September 9, 1935, a temporary receiver of the respondent was appointed under the statute by the superior court, such receiver thereafter being made

permanent. The purpose of the receivership proceedings was to dissolve the respondent corporation, it being alleged that such corporation was unable to meet its obligations as they came due.

The original lease contained the following provision: "And the said lessee covenants that in case of the termination of said lease in any manner specified in the foregoing proviso, said lessee will indemnify and save harmless the lessor against all loss of rent or other payments ·which it may suffer by reason of such termination; and that all fixtures, furniture and improvements and all goods, wares, merchandise and stock in trade of whatsoever name or nature that said lessee may put in or about the premises, hereby are and shall be and shall stand pledged for the fulfillment of the covenants and agreements herein contained . . . ."

This court has held that, the lease being valid, such a provision constitutes a contract for a lien, enforceable in equity, on the property covered, whenever the lessee is in default on payments due under the lease. *Groton Mfg. Co.* v. *Gardiner,* 11 R. I. 626.

In the instant cause it is agreed that the lessee, at the time the receivership proceedings were instituted, owed the lessor $1021.82 for rent and other payments due under the renewal of the lease in question. It is also undisputed that the receiver is holding, subject to the determination of the present appeal, the sum of $505, being the proceeds of the sale of fixtures and produce formerly belonging to the lessee.

The receiver of the respondent corporation contends that the lease in question and the present renewal thereof are invalid, and hence that the lessor is not entitled to an equitable charge or lien on the property of the lessee or on the proceeds of the sale of such property. The lessor disputes the position taken by the receiver. The first matter to be considered is the bearing and effect, if any, of sec. 21, chapter 248 of general laws 1923, on the lease and the re-

newal thereof. That section is as follows: "Validity of Contract by Corporation in Case of Interested or Interlocking Directors. Sec. 21. Any corporation may contract for any lawful purpose with one or more of its directors or with any corporation having with it a common director or directors, if the contract is entered into in good faith and is approved or ratified by a majority vote at any meeting of its board of directors: *Provided,* that the contracting or common director or directors shall not vote on the question and shall not be counted in ascertaining whether or not a quorum is present for this purpose at the meeting. A contract made in compliance with the foregoing provisions shall be voidable by the corporation complying with said provisions only in case it would be voidable if made with a stranger."

The facts proved in the present proceeding reveal that the lessor and the lessee corporations which were contracting with each other by way of lease had a common director, one William S. Sweet. It appears from the evidence that the original lease and the present renewal were signed by the president of the lessor and William S. Sweet, its secretary, who had been a member of its board of directors since the corporation was organized. The lease and renewal were executed on behalf of the lessee by the same William S. Sweet, who did not state in what capacity he signed for that corporation. The evidence shows, however, that he had been vice-president and active manager of the lessee for some time, and had been on its board of directors for at least five years.

The law generally as applicable to transactions between corporations having one or more common directors is fully set out with citations of cases in 3 Fletcher Cyc. Corps. (Perm. Ed.) §§961-964. The decisions are not uniform. By the weight of authority, however, such transactions are not void but only voidable. The cases are in conflict as to what it is necessary to show in order to have the transaction set aside or avoided. Certain jurisdictions, adopting a strict

rule hold that the mere fact that there are common officers is sufficient to bring about that result, without considering the merits or fairness of the transaction.

In §961, *supra,* the author makes the following statement as representing the better view in cases of the present type: "2. The contract or other transaction is not voidable at the option of either party, where fair and entered into in good faith, if the common officers are a minority of the board of directors or the contract was entered into on at least one side by officers not common to both corporations." However, such transactions are, if questioned, carefully scrutinized by the courts.

In this state the general assembly has seen fit to legislate on the matter. Section 21, *supra,* first appeared in our statutes in 1920 as part of the "General Corporation Law", so-called. Our duty is to ascertain the legislative intent in relation to such section and to interpret its scope and meaning. The lessor contends that the principles of the common law relevant to the subject now before us, as set out in the decided cases, are in effect in this state and are merely amplified or modified by the statute in question. The lessor argues that the section before us merely indicates a way or manner in which two corporations having common directors may deal with each other so as to be reasonably sure that the transaction will stand and not be avoided, but that the section does not purport to set out the only method in which two such corporations can legally contract with each other. The lessor also argues that, if the procedure indicated in the statute is not followed, then the transaction is governed by the general principles of the common law. On the other hand, the receiver of the lessee claims that the legislature, by passing the section in question, has established in this state the only way in which two corporations, falling within the terms of the statute, can legally deal with one another, and that if the procedure set out in the statute is not followed, then the transaction is invalid.

Upon consideration, we are of the opinion that the general

assembly in passing the section in question intended to establish for this state, among other things, the procedure necessary to be followed in order to make a contract valid in cases where two corporations with a common director or directors undertake to contract with each other. The subject of the section, namely, the "validity" of contract, as specifically set out in the title tends to lend support to this view. While the section does not provide in terms that the method of contracting provided therein is the only proper method, and that contracts not made in accordance therewith are invalid, in our judgment, the reasonable and necessary implication from the language employed, requires that the section be so construed. Otherwise it would be merely permissive in character and have little force or effect. It is generally recognized that the word "provided," especially as used in the section in question, imports a condition which must be met in order to give effect to the preceding clause.

Since corporations are of statutory origin, matters pertaining to their organization, powers and the conduct of their affairs are frequently and properly the subject of legislative regulation. The general assembly, therefore, might well, as a question of policy where two corporations with common directors seek to contract with one another, and having in mind the dangers and abuses likely to develop from such a situation, establish and set up a method of procedure to be followed to make such dealings valid. Furthermore, the legislature has been careful to insert a provision in the nature of a saving clause at the end of the section. The effect of this is that when the procedure indicated in the statute is followed, and an apparently valid contract is made between two corporations with common directors, such contract may still be avoided by a corporation which has complied with the provisions of the statute, but only for any of the usual causes, such as fraud, which would avoid a contract made between strangers. The construction of the section urged upon us by the lessor, in our judgment,

would tend to nullify its evident purpose and meaning, and is not accepted by us.

It becomes necessary, therefore, to determine whether or not the evidence herein shows that the lessor and lessee, in contracting with each other in connection with the lease or renewal, complied with the terms of the statute so as to give the transaction validity. The evidence on this point is very brief. It is given by William S. Sweet, the common director, and is undisputed. Being testimony of that nature, we are in as favorable a position to draw inferences therefrom as was the trial justice, and his finding of fact from such testimony is not entitled to the persuasive force accorded to a finding of fact from conflicting evidence. *Lisker* v. *Emery*, 54 R. I. 190. The records of neither corporation relating to the lease or its renewal were produced. No question of good faith is involved, but the issue is whether the common director voted, or was counted as making up a quorum, at any meeting of the respective boards of directors at which the matter of the lease or its renewal was approved or ratified.

No evidence whatever was introduced to show whether or not the common director assisted in making a quorum at any meeting of the board of directors of either corporation attended by him, and at which the matter of the lease or its renewal was considered. Mr. Sweet testified in substance that the meetings of the board of directors of the lessor were formal, but those of the lessee were informal. He gave evidence that he attended and took part in the meetings of both boards; that he was present at all meetings of the board of directors of the lessor and participated in the discussions; that he had no particular recollection of how the lease to the lessee corporation was handled; that the leases to the original lessees, one of whom was the respondent, were passed on at several meetings of the board of directors of the lessor, he being present; that it was agreed that the leases to the original tenants be renewed unless some objection was made, and that in pursuance of this under-

standing the renewal to the lessee corporation was executed; and that he did not recall any meeting of the board of directors of the lessor held in connection with the execution of the lease or the renewal thereof to the respondent.

On this state of the evidence the trial justice held that it did not appear that the common director voted to give the lease originally, or took part in connection with the renewal. We find his decision to be erroneous. The burden of proof is upon the lessor, seeking to show the lease and renewal valid, to satisfy the court by a fair preponderance of the evidence that the provisions of the statute in question were complied with. It has not sustained that burden. In our opinion, the only reasonable inferences and presumptions from the undisputed testimony of Sweet are that he participated in the meetings of the boards of directors of both corporations when the matter of the lease in question came before them, and voted, when called upon. The matter of the renewal of the lease was taken care of at these meetings. In our judgment, therefore, since the procedure set out in the statute, which we have construed to be mandatory, was not followed when the two corporations attempted to contract with each other, the lease and the renewal thereof are not valid, and the lessor is not entitled to the equitable charge or lien, under the terms of the lease, on the funds amounting to $505 in the possession of the receiver of the lessee corporation.

The lessor has called to our attention the rule that a corporation may, in the absence of express or formal action, by acquiescence and conduct ratify and confirm such a contract as we are considering, and urges that the lessee by taking the benefit of the contract, such as occupying the premises and receiving service, has brought about that result, and that the receiver of the lessee cannot now claim the invalidity of the lease and renewal. In support of this contention, the lessor cites *Adam* v. *New England Investment Co.*, 33 R. I. 193; *De Pasquale* v. *Mason Mfg. Co.*, 39 R. I. 114. These cases undoubtedly support the general

contention made by the lessor. However, they are not applicable to the issue now before us. The statute under consideration distinguishes the instant case from those above referred to. Under our construction of the statute, the contract, in this instance the lease and the renewal thereof, is at least voidable, if the provisions of the statute have not been complied with by both parties, and the receiver has elected to avoid it. Under these circumstances, we perceive no reason why he is not entitled to question the validity of the contract, in spite of the fact that the lessee may have received certain benefits thereunder.

The appeal of the receiver is sustained, the decree appealed from is reversed and the cause is remanded to the superior court for further proceedings.

*Hart, Gainer & Carr, Edward G. Carr,* for Providence Fruit & Produce Building, Inc.

*Arabian, Gonnella & Barad,* for Receiver.