ARTHUR J. LEVY *vs.* ALLIE ZURA *et al.*

MAY 5, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

400

BAKER, J.   This is an action of assumpsit brought to recover for services rendered by the plaintiff as an attorney at law to the defendants. The case was heard in the superior court by a justice thereof, sitting without a jury, who gave a decision for the plaintiff for $925, the full amount of the latter's claim. After the denial by the trial justice of the defendant's motion for a new trial, based on the ground of newly discovered evidence, the defendants duly prosecuted their bill of exceptions to this court. However, the only exception therein now being pressed by them is to the decision of the trial justice in the plaintiff's favor.

The defendants in this case pleaded the general issue, an agreement, allegedly made between the parties at the time the services in question started, that such services should be paid for at the rate of $6 per hour, but in no event should the bill exceed $225, and an account stated by the parties of approximately $300 after the plaintiff's bill had been submitted to the defendants.

It is unnecessary to discuss in detail the evidence relating to the two defenses specially set up by the defendants. In determining whether or not these two defenses were established by the defendants, it was necessary for the trial justice to weigh and pass upon the conflicting testimony of the plaintiff and of the principal defendant, Allie Zura, and also to give consideration to certain exhibits presented in evidence. The trial justice had the advantage of seeing and hearing the witnesses testify in passing upon their credibility. He found that the defendants had not satisfactorily shown that the parties had entered into an agreement, when the plaintiff's services to the defendants started, as to the rate and amount of the plaintiff's charges for such services, nor that any account had been stated or agreed upon unconditionally by the parties, after the plaintiff's bill for services had been rendered to the defendants. We have examined the record herein and do not find that the trial justice was clearly wrong in so holding. Such being the case, according to our well established rule, his findings in this connection stand. *Preble* v. *Higgins*, 43 R. I. 10.

Since the defendants failed to prove the defenses set up by them in their special pleas, the only issue which remained was as to the reasonableness of the plaintiff's charge for the work he had done. On this question the defendants offered no direct evidence. The plaintiff was supported in his claim by the evidence of two attorneys, who testified that in their opinion his bill was fair and reasonable under the circumstances as they understood them from the record. The evidence of such expert witnesses is to be taken in conjunction with all the other evidence in the case. It should be carefully weighed by a trial justice, who is not entitled either to disregard it or to treat it as binding upon him irrespective of other evidence and the reasonable inferences therefrom.

We have held that when evidence is not disputed, "we are in as favorable a position to draw inferences therefrom as was the trial justice, and his finding of fact from such testi-

mony is not entitled to the persuasive force accorded to a finding of fact from conflicting evidence." *Matteson* v. *Wm. S. Sweet & Son, Inc.*, 58 R. I. 411, 193 A. 171, at page 174. That holding is applicable to the question of the reasonableness of the plaintiff's charge, on the record in the present case.

It appears from the evidence that the services for which the plaintiff is charging began about February 1930, but amounted to little until the latter part of November 1930, when the defendants were sued on a note signed by them, the balance claimed to be due thereon being $12,500. The plaintiff, who had been a member of this bar since 1920, performed the usual services of an attorney in representing his clients in a case of that type. He drew garnishee's affidavits, prepared motions, consulted with Zura and the opposing attorney, examined papers and leases which were involved in the transaction out of which the action grew, conducted correspondence, looked up law, filed a plea in abatement and was successful in having a demurrer thereto overruled after a superior court hearing at which he filed a brief.

Thereafter in December 1933, the plaintiff in the case in question began a second action on the same note. The plaintiff herein thereupon filed a plea in abatement for the defendants to that action, which said plea he later withdrew after the first case above referred to had been discontinued. The plaintiff then filed certain motions and drew certain special pleas in this second action on behalf of the defendants and prepared the case for trial several times. While the first case was pending, the plaintiff herein started suit on behalf of the present defendants against the corporation which had sued them, said suit being in the nature of a cross action growing out of the same general transaction in which the note signed by the defendants had been given.

During the progress of the litigation, terms of settlement were discussed by the parties and the attorneys, and in June

1934 a suggestion that the defendants pay $1250 was seriously considered. In September 1934, with the permission of the superior court, the plaintiff was allowed to withdraw his appearance for the defendants in the cases then pending, because of a disagreement with his clients as to the trial of the cases. Thereafter in January 1935, the cases were settled by the payment by the defendants of the sum of $1250 and the release of such rights as they had, if any, under the case brought by them.

The plaintiff testified that in connection with the above services his best estimate of the number of hours spent "is somewhere between sixty and seventy hours as a minimum and probably nearer one hundred." However, at a conference in February 1936 between the plaintiff and the defendant, Allie Zura, for the purpose of bringing about an immediate adjustment of the plaintiff's claim, he admits that the question of the rate of payment per hour and the number of hours spent was considered. At that time the rate of $6 and $6.30 per hour was discussed and time consumed was taken off a book kept by the plaintiff as between twenty-two and thirty hours. The plaintiff contends, however, that this amount of time was not accurate or complete, but was more or less of an estimate and in compromise of the matter for an immediate settlement. Evidence in the case shows that while the plaintiff was obliged to appear before the superior court several times during the litigation in question, such appearances were for short periods of time, aggregating in all not much over one full court day.

The general tests and principles to be applied in deciding a case brought by an attorney to recover his fee are well known and fully set out in *Gorman* v. *Banigan*, 22 R. I. 22. It is unnecessary to repeat them here. In the instant case it appears from the undisputed facts that the amount of the plaintiff's fee was dealt with by the parties on the basis of the number of hours spent by the plaintiff and the average rate of pay per hour. His testimony reveals that, when the

amount of his bill was questioned by the defendant, his explanation of and justification for his charges was placed by him principally on the above basis. Also, the attempted adjustment or compromise was worked out on that theory. In addition, the plaintiff's position when he testified as to this matter of charging was substantially unchanged, except that the time consumed by him had been increased from approximately thirty hours to about one hundred hours, with some further reference to the nature of the litigation. No particular allowance for time spent in court was suggested in the testimony.

It appears from the evidence that the largest amount of pay per hour discussed by the parties was $6.30, which included an allowance for the plaintiff's overhead expenses. Giving him the benefit of the greatest number of hours referred to in his testimony, that is one hundred, it would appear that the highest figure, to which he fairly would be entitled for his services to the defendant, would be $630. Therefore, we are of the opinion that the plaintiff's charge as made by him, and as approved by the trial justice in his decision, is somewhat too large and not entirely reasonable in view of all the facts and circumstances appearing in evidence. We find that a reasonable fee, in accord with the evidence submitted and the plaintiff's own testimony, is $630 for the services rendered by the plaintiff to the defendants in the litigation in question.

The defendants' exception to the decision of the trial justice is sustained and their other exceptions are overruled. The case is remitted to the superior court for a new trial, unless the plaintiff, on or before May 18, 1938, shall file in the office of the clerk of the superior court a remittitur of all of said decision in excess of $630. In case the plaintiff shall file such remittitur, the superior court is directed to enter judgment on the decision as reduced by the remittitur.

*Remington, Thomas & Levy, Frank F. Pinkos,* for plaintiff.

*Isadore S. Horenstein, Louis V. Jackvony,* for defendants.