## National Cash Register Company *v.* Ansell et al. (Rosinsky, Appellant.)

498

Argued November 21, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Daniel Marcu*, with him *Raymond Heimlich*, for appellant.

*Cecil P. Harvey*, with him *William Horenstein*, for appellee.

OPINION BY RHODES, J., December 16, 1938:

This case has been before this court on another occasion *(National Cash Register Co. v. Ansell et al.*, 125 Pa. Superior Ct. 309, 189 A. 738). We there held that the affidavit of defense and counterclaim were sufficient to prevent the entry of a summary judgment in favor of plaintiff. On the trial of the issue raised by the pleadings the jury rendered a verdict for plaintiff. Additional defendants' motion for judgment n. o. v. was overruled, and their rule for a new trial was discharged. They have appealed.

The trial judge left to the jury the issue as to whether defendant lessee removed or attempted to remove his

goods or property out of or from the leased premises without having first paid in full for all rent due or payable under the lease.

This was the main issue raised by the pleadings. Additional defendants' affidavit of defense and counterclaim averred, after reciting paragraph seven[1] of the lease, that defendant lessee attempted to remove, and did remove, certain of his goods and property out of and from the demised premises without having first paid and satisfied defendant landlord in full for all rent which did and might become due during the entire term of the lease; that thereupon there became due and owing and payable to defendant landlord the balance of the rental under said lease in the total sum of $9,285; that thereafter, by virtue of a landlord's warrant, defendant landlord caused a distraint to be made, inter alia, on plaintiff's chattel, to wit, a cash register.

Prior to the sale the cash register was replevied by plaintiff, and this action in replevin is by plaintiff, and the landlord and constable who distrained are the additional defendants.

Plaintiff having established a prima facie case, the burden was on defendant landlord to justify the seizure of plaintiff's chattel under his distress for rent. *Wolcoff v. Aguero et al.*, 100 Pa. Superior Ct. 576; *Bornstein et al. v. Salerno et al.*, 285 Pa. 507, 132 A. 700.

---

[1] "7. Lessee covenants that if Lessee shall at any time during the continuance of this lease remove or attempt to remove Lessee's goods or property out of or from the said premises without having first paid and satisfied Lessor in full for all rent which may become due during the entire term of this lease, then and in such case such removal or attempt to remove shall be considered as fraudulent, and the whole rent of this lease or any part thereof at the option of the Lessor, shall be taken to be thereupon due and payable and in arrear, and Lessor may proceed by landlord's warrant or other process to distrain, or collect or sue for the whole or said part of the rent in the same manner as if by the conditions of this lease the whole or said part of the rent were due and payable in advance, and were in arrear. ......"

From the evidence introduced at the trial the jury could find that there was no removal of, or attempt to remove, lessee's goods or property out of or from the demised premises by him. Defendant landlord testified that he issued the landlord's warrant and had the distraint made because of the removal of some linens, pots, pans, and glassware by defendant lessee from the leased premises. It is significant that the lease reads, "lessee's goods or property," and not *any* goods or property of lessee. It appears from the testimony of defendant landlord that the linens, pots, pans, and glassware, which defendant lessee was removing, were "only small stuff," and that he made no objection to defendant lessee's taking the same to another cafe which he operated. The testimony warranted the inference that defendant lessee intended to exchange these items for other materials of the same kind from the other cafe. There was no removal of, or attempt to remove, the fixtures and equipment which, according to the testimony of defendant landlord, had a value in excess of $2,500.

The question was for the jury *(Moretti et al. v. Zanfino et al.,* 127 Pa. Superior Ct. 286, 193 A. 106), and was submitted by the trial judge in a charge in which no fundamental or basic error appears. Additional defendants took only a general exception to the charge, and the seven assignments of error which complain of portions thereof have no merit under such an exception.

As pleaded, it was the alleged removal of lessee's goods, or an attempt to remove them, that made the rent for the balance of the term due and payable at once with the right of immediate distress. The trial proceeded on this theory, and the charge of the court submitted the issue to the jury accordingly. It follows that, if there was no breach of the lease as averred, the rent was not accelerated prior to the distraint, and defendant landlord had no right to distrain upon plaintiff's chattel for the rent accruing during the remainder of the term.

Judgment is affirmed.