SLATER REALTY CORPORATION, PLAINTIFF-APPELLANT, v. LEONARD MEYS AND AUGUST C. KORTE, INDIVIDUALLY AND DOING BUSINESS AS SUNBURY PHOTO ENGRAVING CO., DEFENDANTS-RESPONDENTS.

Submitted October 7, 1947—Decided June 9, 1948.

264

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-appellant, *Charles Halsted.*

For the defendants-respondents, *Peter Calcia.*

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment entered in the Passaic County Court of Common Pleas resulting from the verdict of a jury in the defendants' favor upon their counter-claim and of no cause of action upon the plaintiff's complaint. The defendants let in May or June, 1944, one half of the basement premises 460 Totowa Avenue, in the City of Paterson, to the plaintiff by an oral lease for a term of one month and thereafter on a month to month tenancy.

Plaintiff, as owner and landlord, instituted the action against the defendants as tenants. The defendants allegedly vacated the premises in question in July, 1946, leaving the premises, particularly the floor, in a damaged condition. At the trial, the plaintiff adduced testimony that the floors were defaced by the use of fluids and coloring matter used by the defendants in their photo-engraving business, to the extent of $2,700. The defendants filed an answer joining issue on the complaint and also filed a counter-claim against the plaintiff for having unlawfully and wrongfully, on or about July 1st, 1946, deposited certain bales of merchandise in part of the premises which were rented to the defendants, and thereby interfered with the enjoyment of the premises and the pursuit of its business and caused a suspension thereof, resulting in a constructive eviction.

At the trial the defendants testified that the plaintiff had deposited, without permission of defendants, certain bales of merchandise belonging to plaintiff in the aisles of the defendants' rented space on or about July 15th, 1946. The counter-claim alleged plaintiff's deposit of bales on July 1st, 1946, instead of July 15th, 1946. Defendants further testified that the lodging of the bales had put a certain photo-engraving machine out of order for two weeks and that this machine was necessary in their business, thereby causing them loss of profits and damage to machinery and equipment.

The appellant filed nine grounds of appeal. These grounds of appeal relate to rulings of the trial court to which no exceptions were taken excepting in one instance relating to the charge. That instance related to the charge upon the subject of damages. It is fundamental that unless the attention of the trial court is called to the fact that counsel conceives the court's ruling to be in error, which attention is called by timely objection and the taking of an exception to the action of the court, the matter cannot be taken advantage of on appeal. *Benz* v. *Central Railroad of New Jersey* (*Supreme Court,* 1912), 82 *N. J. L.* 197; *affirmed* (*Court of Errors and Appeals,* 1912), 83 *Id.* 780.

On the measure of damages, the trial court charged as follows:

"The Leonard Meys Company says, I repeat, that was not done, but they were compelled, by reason of the actions of the Slater Realty Corporation, to vacate the premises prior to their desire to get out, because the premises or the property that they purchased was not in condition for use for the business for which they bought it. They say they were damaged in their business because of the action of the Slater Realty Corporation; they say they were damaged in loss of profits, loss of business, for the months of July and August; and they also say that they lost business. You heard the testimony of the witnesses. They claim these damages because of their being forced to vacate their premises, the property that they had rented from the Slater Realty Corporation, and the total amount of that loss amounted to $7,137. That figure includes loss of profits and includes loss of business."

To this portion of the charge an exception was taken. We think that the trial court fell into reversible error.

As heretofore stated, from the evidence, it appeared that the defendants operated a photo-engraving business in the demised premises. Due to the plaintiff's desire and need for the possession of the premises, oral notice was first given defendants to quit in October, 1945; thereafter notice to quit was given defendants on the first day of every month from November, 1945, to July, 1946. It clearly appears that notice to quit was given on July 1st, 1946, so that defendants' term expired on August 1st, 1946. *Steffens* v. *Earl* (*Supreme Court,* 1878), 40 *N. J. L.* 128; *Baker* v. *Kenny* (*Supreme Court,* 1903), 69 *Id.* 180 (at *p.* 182); *Standard Realty Co.* v. *Gates* (*Court of Chancery,* 1925-1926), 99 *N. J. Eq.* 271 (at *p.* 279); *R. S.* 2:58–22.

The defendants delayed their vacation of the premises because of their inability to have available other premises for their business until August, 1946.

The defendants testified that as a result of the constructive eviction they were forced to move on July 15th and that there was an interruption of business during the remainder of July and the month of August, but that, commencing with September, 1946, their business continued as usual.

The general rule for damages where a tenant is wrongfully evicted by his landlord is that he may recover as general damages the actual or rental value of the unexpired term less the rent reserved, *Monica* v. *Di Bennedetto* (*Supreme Court,* 1925), 3 *N. J. Mis. R.* 1146 (at *p.* 1149); in addition thereto, compensation for whatever losses resulted including loss of profits which can be ascertained with a reasonable degree of certainty and can properly be said to have been the natural or usual result of the breach and reasonably to have been within the contemplation of both parties as the probable result of the breach. 52 *C. J. S.* 197; 32 *Am. Jur., Landlord and Tenant,* § 265.

In this case there was no evidence offered of the rental value of the property for the unexpired term (August 1st, 1946). In that respect the unearned portion of the rent was recoverable. Special damages were alleged in the counter-

claim of damage to machinery and losses resulting from the interruption of the business. There was some testimony in the record for consideration of the jury of damages to the machinery and loss of profits during the months of July and August. Damages accruing in the month of August were not recoverable by virtue of the notice to quit given on July 1st, 1946, as the defendants' term then expired on August 1st, 1946, by operation of law. *Baker* v. *Kenny, supra; Steffens* v. *Earl, supra; Standard Realty Co.* v. *Gates, supra; Gash* v. *Dairymen's League Co-operative Association, Inc.* (*Supreme Court,* 1932), 10 *N. J. Mis. R.* 1228.

In the testimony adduced, the jury was misdirected upon the measure of damages.

From the record, confusion of the trial judge appears in dealing with the testimony of the principal witness offered by the plaintiff Albert J. Slater, president of the Slater Realty Corporation, when offered in support of plaintiff's cause of action and in defense to the counter-claim. The court permitted the defendants to examine him when he was called by the plaintiff in support of its cause of action upon the subject-matter of the defendants' counter-claim but refused a timely cross-examination of the plaintiff upon that subject. The control of the order of proof is within the discretion of the trial judge and is not subject to review by the appellate court unless the discretion has been clearly abused. In this case no exception was taken to the rulings in this regard of the trial judge. In the record of the trial when this witness was recalled by the plaintiff to rebut the defendants' case on the counter-claim, the court refused to permit him to testify upon material matters essential to its defense. Since the case must be re-tried it is pertinent to direct attention to this situation.

The judgment will be reversed and a new trial is granted.