9 N.J. Super. 182 (1950)
75 A.2d 629
HARRY G. COHEN, ASSIGNEE FOR THE BENEFIT OF CREDITORS OF PETER MICHAEL MARZANO, PLAINTIFF-RESPONDENT,
v.
WALTER KOROL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 14, 1950.
Decided September 19, 1950.
*184 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Paul Lustbader argued the cause for the appellant.
Mr. Paul R. Kleinberg argued the cause for the respondent (Mr. Max L. Rosenstein, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment for plaintiff entered in the Essex County Court pursuant to a verdict of the jury. The appellant's appendix does not embody the motion for direction of judgment upon which he relies, omits the court's charge, and fails to portray adequately the pertinent circumstances. Cf. Rule 1:3-1; Phillips v. Klein, 5 N.J. Super. 176 (App. Div. 1949). However, examination of the original file in the light of the general verdict for the plaintiff, indicates the following facts upon which determination of the appeal will be rested.
*185 In 1946 the defendant Walter Korol, as landlord, and Peter Marzano and John Gabriele, partners trading as Milis Leather Finishing Co., as tenants, executed a five-year written lease for premises located at 323-325 Academy Street, Newark. The third paragraph which dealt primarily with the rights of the landlord in the event of default in the payment of rent, contained a provision to the effect that the landlord was granted a lien "on all personal property of the tenant in or upon the demised premises" to secure payment of rent and performance of the terms of the lease. The nineteenth paragraph granted to the landlord an option to terminate the lease, upon proper notice, in the event of any assignment for the benefit of creditors by the tenant. The twenty-seventh paragraph set forth that the sum of $840 was deposited as security for the tenant's performance and stated that said sum would be returned to the tenant "after the time fixed as the expiration of the term" of the lease, provided the tenant fully complied with its provisions.
In 1947 the Marzano and Gabriele partnership was dissolved, Marzano acquired its assets, and continued the operation of the leather finishing business in his individual capacity. Apparently no formal instrument assigning the lease was executed but Marzano duly paid rent thereunder through the month of September, 1948. On September 17, 1948, Marzano executed an assignment to plaintiff, for the benefit of creditors, of his assets including the machinery and equipment at the leased premises. The rent due October 1, 1948, was not paid, there was a distraint by the defendant landlord, and thereupon payment of the October rent was made by the assignee. During October, 1948, and after the rent for that month had been paid, the assignee sought to sell and remove the machinery and equipment from the premises but was prevented from doing so by the defendant landlord who evidently believed that he had that right. Thereafter the assignee filed his complaint in the Essex County Court seeking (1) damages for the alleged conversion by the defendant of the machinery and equipment and (2) return of the $840 deposit on the *186 ground that the lease had been terminated by the conduct of the landlord. At the trial the defendant moved for a directed judgment on the following grounds: (1) since the agreement dissolving the partnership between Marzano and Gabriele had not been introduced in evidence the proof of title in Marzano and his assignee was insufficient to sustain any judgment for plaintiff; (2) the landlord had the right to prevent the sale and removal of the merchandise and equipment by virtue of his lien; and (3) the lease had not been terminated by any act of the landlord and consequently the plaintiff's claim for return of the deposit was not then properly maintainable under the terms of the lease.
The court denied the motions and charged the jury which returned a single verdict in the sum of $1,940. The testimony fixed the value of the machinery and equipment at $1,100 and the jury's verdict undoubtedly represented the allowance of this sum on one of the counts in the complaint plus the sum of $840 on the other count. The defendant did not request that the jury be instructed to return separate verdicts on each count, he did not object to the court's charge, and did not seek any relief from the trial court upon the return of the verdict. Accordingly, he will be confined to the grounds asserted below in support of his motion for directed judgment and we shall disregard the additional points which he asserts for the first time in his brief on appeal. See State v. Jones, 4 N.J. 374 (1950).

I.
Insofar as the plaintiff's claim for conversion of the machinery and equipment is concerned, we find no error in the lower court's action. There was evidence, including direct testimony by Marzano, that upon the dissolution of the partnership he was the sole owner of the machinery and equipment. For a year thereafter and until the assignment for the benefit of creditors, he was in exclusive possession of the leather finishing business, including the machinery and equipment *187 and the leased premises. Prior to the dissolution rent was paid by partnership checks but thereafter rent was paid by Marzano's checks and the landlord was fully aware that Gabriele had withdrawn from the operation of the business. The landlord asserted no claim of title in himself and there was no affirmative evidence questioning Marzano's ownership. We consider that, under the circumstances, the failure to introduce any written document evidencing transfer of title from Gabriele to Marzano was in no wise fatal (Capuzzi v. Erie Railroad Co., 6 N.J. Misc. 464 (Sup. Ct. 1928)); in any event, Marzano's possessory right was clear and would appear sufficient for the conversion action. See Manna v. Industrial Credit Corp., 10 N.J. Misc. 1098 (Sup. Ct. 1932).

II.
We fail to find merit in the defendant's claim that he had the right to prevent removal and sale of the machinery and equipment under the terms of the lien provided for in the third paragraph of the lease. That paragraph dealt primarily and at length with the rights of the landlord upon the tenant's default in the payment of rent and we are satisfied that, properly construed and assuming its validity as against creditors' such general lien as it granted "on all personal property of the tenant" might be exercised upon default by the tenant but not before. Cf. Matteson v. Wm. S. Sweet & Son, 58 R.I. 411, 193 A. 171 (Sup. Ct. 1937). Indeed, if the appellant's contrary construction were adopted the landlord would presumably have the right upon execution of the lease and thereafter to restrict the tenant in the disposition of his personal property, including his ordinary business operations, even though no default had occurred or been suggested. That could hardly have been the understanding of the parties and we accept the view that the provision was intended to grant to the landlord a contractual lien on all of the tenant's personal property at the leased premises exercisable in the event of default. Cf. R.S. 2:58-1; 2:60-230. In the instant matter, *188 when the plaintiff sought to sell and remove the machinery and equipment and was prevented from doing so by the landlord, there was no default whatever under the lease; under the circumstances the defendant's conduct constituted a conversion entitling the plaintiff to recovery in the sum of $1,100, the value of the goods converted. Cf. Bornstein v. Salerno, 285 Pa. 507, 132 A. 700 (Sup. Ct. 1926); Cottrell v. Gerson, 296 Ill. App. 412, 16 N.E.2d 529 (App. Ct. 1938); affirmed, 371 Ill. 174, 20 N.E.2d 74 (Sup. Ct. 1939).

III.
In support of his claim for the additional $840, the plaintiff rests entirely upon the contention that the defendant's conduct amounted to an eviction which justified the plaintiff's termination of the lease and his claim for immediate return of the deposit; he concedes that the landlord never exercised his option to terminate under the nineteenth paragraph and if the lease was not terminated upon the alleged eviction the twenty-seventh paragraph controls. The common law authorities indicate that although a wrongful eviction by the landlord affords a cause of action for damages (Slater Realty Corp. v. Meys, 137 N.J.L. 263, 266 (Sup. Ct. 1948)) it does not automatically terminate the lease. See 2 Tiffany, Landlord and Tenant (1912), p. 1290. However, we need not pursue this since we find that the record does not sufficiently establish plaintiff's claim of eviction. No evidence was introduced indicating that the landlord at any time desired to terminate the lease or prevent the continued occupancy of the premises by Marzano or his assignee as tenant in accordance with the terms of the lease. Acting upon the mistaken assumption that he had the legal right to do so, he refused to permit the assignee to effectuate his apparent purpose of selling and removing the machinery and equipment and abandoning the premises and the lease. This alone, however, while amounting to a conversion for which plaintiff is recovering damages, would not, under the authorities, appear *189 to constitute that type of permanent act by the lessor which is intended to and does deprive the lessee of his enjoyment of the leased premises as tenant thereof and amounts to an eviction. Cf. Meeker v. Spalsbury, 66 N.J.L. 60, 63 (Sup. Ct. 1901); Lumiansky v. Tessier, 213 Mass. 182, 99 N.E. 1051 (1912); 32 Am. Jur., § 249, p. 234.
The cause is remanded to the Essex County Court for the entry of judgment in the sum of $1,100 on the count embodying the claim for conversion and for a new trial on the count embodying the claim for return of the $840 deposit. No costs on appeal will be allowed to either party.