**BOTTLING CORPORATION OF SAMOA, Appellant**

v.

**H. REX LEE, Governor of American Samoa, Appellee**

No. 190-1964

High Court of American Samoa

Civil Jurisdiction, Appellate Division

March 31, 1967

V. G. ROEL, *Associate Justice;* TAUALA, *Associate Judge;* and LETULIGASENOA, *Associate Judge.*

### REVERSAL OF TRIAL COURT DECREE
### AND
### RENDERING OF JUDGMENT FOR APPELLANT

This was an appeal by the Bottling Corporation of Samoa, Plaintiff below, from an Opinion and order rendered by the Trial Division of the High Court on December 11, 1964 whereby said Court dismissed a

complaint filed by Appellant demanding that a Declaratory Judgment be issued that the Governor of American Samoa had an obligation to approve Appellant's application for a tax exemption provided for under the Industrial Incentive Act, Chapter 26.01, Code of American Samoa, 1961 Edition, Public Law 7–37, and/or demanding that a Writ of Mandamus be issued requiring the Governor of American Samoa to grant the approval of Appellant's application for such exemption under the referred-to act. It was the contention of the Appellant that it was entitled to a full exemption under the provisions of the Industrial Incentive Act.

Both the Appellant and Appellee waived oral argument on appeal and rested their case on this record and on the written briefs and authorities submitted by them.

■ The lower Court held that the Bottling Corporation was not entitled to a Declaratory Judgment on the issue or to the issuance of a Writ of Mandamus against the Governor. We agree with the Trial Court that Plaintiff below was not entitled to either the Declaratory Judgment or the Writ of Mandamus. We subscribe to the lower Court's view that the general rule is that Courts have no right or power to interfere by mandamus with the Governor on questions involving his judgment or discretion and the [sic] cannot be compelled by mandamus to perform duties which are partly discretionary and partly ministerial.

■ However, the Trial Court went further and decided that the Bottling Corporation was not entitled either to the partial exemption granted to it by the Governor or to the full exemption granted to it by the Governor or to the full exemption allowed under the Industrial Incentive Act, Law 7–37. With this holding we are unable to agree with

the Trial Court, and we hereby reverse said judgment and render our own decision in favor of the Appellant.

The pertinent portions of the Industrial Incentive Act are already set out in the decision of the Trial Court and we will not repeat them here. As we read the Act, Public Law 7–37, Chapter 26.01 of the Code of American Samoa, 1961 Edition, there are two main requisites for a new business in American Samoa when filing for a tax exemption under said law. The Tax Exemption Board must determine whether the applicant for exemption is a new business within the meaning of Chapter 26.01. After the determination by the Board is submitted to the Governor, the Governor himself must determine whether the business is a new business and he "shall approve or disapprove the application on the basis of such determination: Provided, that the Governor may also determine whether such new business is in the public interest and, even though a business is determined to be a new business, a certificate of exemption may be denied if it is determined by the Governor that such new business is not in the public interest."

■ In other words, if the Board and the Governor find the applicant to be a new business as defined in the statute, and if the Governor does not determine that such new business is not in the public interest, then the new business is entitled to a full exemption under the law. Once the Governor determines such applicant is a new business and that said business is not against the public interest, "there shall be issued by the Attorney General within five (5) days following such approval, a certificate providing for such exemption." The "exemption" referred to is a full exemption as set out in the statute.

In the present case the Governor found the applicant to be a new business and did not find that such business was not in the public interest. However, instead of giving his

full approval to said application for full exemption, the Governor decided to allow the applicant only a partial exemption and not the whole exemption provided for under the law.

The lower Court held that the Bottling Corporation was not entitled to any exemption whatsoever. The Trial Court held that the Governor had no right under the law to grant a partial exemption; that he had to approve the whole exemption or deny the exemption completely. The lower Court went on to say that the granting of the partial exemption was a disapproval by the Governor of a full exemption under the Industrial Incentive Act. The Trial Court held that the Act was constitutional, but that the Governor had no legal right to grant a partial exemption. It held that the granting of a partial exemption by the Governor was a nullity because the statute did not specifically grant the Governor the authority to approve a partial exemption.

But the Trial Court was not too sure of its logic in denying the exemption on the sole ground that the Governor did not have the authority to grant the partial exemption, even after the Governor found that the Bottling Corporation was a new business and that the Governor had not found that said business was not in the public interest.

■ The Court below then undertook some wholly unjustifiable mental gymnastics and found that the Bottling Corporation was not intitled [sic] to any exemption because the Governor had found the new business not to be in the public interest. We hold that his assumption on the part of the Trial Court was without evidentiary basis and completely erroneous.

The decision of the lower Court in part states: "There is no evidence that the Governor ever said either orally or in writing what he determined with respect to the Plaintiff's

new business being or not being in the public interest. We must make our findings of fact from the circumstances in this case."

The Trial Court then goes on, "It is true that the Governor said in his letter of October 23, 1962 that he was granting a partial exemption 'in order to get this new business into American Samoa and to get it started.'" While the Governor might determine that the Plaintiff's new business was not in the public interest as that is used in the Industrial Incentive Act, he could still very well say at the same time that he would like to see it get started.

Further down in its opinion the Trial Court states: "As we have already said, there was no evidence that the Governor ever said either orally or in writing what he determined with respect to the Plaintiff's new business being or not being in the public interest. We have only circumstantial evidence on that matter. The fact that he denied the Plaintiff's application for a full exemption is a strong indication of what his determination was."

The Trial Court goes on to say: "upon consideration of all the circumstances, we believe that the weight of evidence is to the effect that the Governor determined that the Plaintiff's new business was not in the public interest, and we so find. It follows from this finding of fact that the Plaintiff's petition should be dismissed."

█ There were no witnesses or testimony at the lower trial. All the evidence before the Court was in the form of written documents, all of which are part of the record. We believe that the question before the Trial Court was one of law and not of fact. The only question was whether in view of the written evidence before the Court the applicant Bottling Corporation was entitled to an exemption under the provisions of Chapter 26.01, Code of American Samoa, 1961 Edition. There were no disputable issues of fact for the Court to determine.

"Where testimony is undisputed, the Trial Court's finding of fact from such testimony is not entitled on appeal to the persuasive force which is accorded to a finding of fact from conflicting evidence." 114 ALR 293. See also Am.Jur. "Appeal and Error," Sec. 902.

 "Where the findings of the Court below are completely upon agreed facts, the ultimate findings or conclusions of the judge are open for review, not only so far as they involve rulings of law, but also so far as they are conclusions or inferences of fact." *Garwood Industries v. Colonial Homes*, 126 ALR 491. See also Am.Jur.2d "Appeal and Error."

There was no testimony or evidence regarding the Governor's finding that Plaintiff's business was not in the public interest. The lower Court took it upon itself to interpolate and second-guess the thinking of the Governor. We do not intend to ascertain why the Trial Court went to such extend [sic] to manufacture evidence, but we hold that its finding that the Governor determined Plaintiff's new business was not in the public interest is clearly erroneous and contrary to the evidence before it.

Nothing in the record indicates that the Governor ever considered the Plaintiff's business not in the public interest. On the contrary, the Governor found the Bottling Corporation to be a new business and he wanted to get it going. Not only that, but the Governor saw fit to help the Bottling Corporation to secure land for its plant and approved a thirty (30) year lease in favor of the Bottling Corporation. The Governor well knows how precious a commodity land is in American Samoa. As much and as hard as the Governor has worked to preserve the land for American Samoans, it is inconceivable to think that he would offer to help to secure land for and approve a lease for a business which he considered to be against the public

944

interest. Said lease, dated April 15, 1963, is of record in the office of the Registrar of Titles.

Not only are we convinced that the Trial Court's finding was clearly erroneous, but we find that it also does great injustice to the Governor of American Samoa by holding that the Governor would give even partial exemption to a business which he considered to be against the public interest.

■ There is a legal presumption that a public officer, such as the Governor, acts in the exercise of a sound judgment, for the purposes of promoting the public good and protecting the public interest. The Court will also assume that the Governor intended only to do what he was authorized to do by the statute. But the presumption of regularity of official acts or duties is rebuttable and to the extend [sic] to which, it obtains.

We are satisfied from all the evidence that the Governor did not at any time find that Plaintiff's business was not in the public interest. We believe that if the Governor had thought that the Bottling Corporation was in the least against the public interest of American Samoa he would have said so affirmatively and would have denied the exemption altogether. We cannot picture the Governor granting even a partial exemption even after he considered the business against the public interest is to do an injustice to the Governor's judgment and his sense of duty to do only that which he deems to be in the best public interest of American Samoa.

■ We agree with the lower Court in saying that under the original Industrial Incentive Act the Governor did not have the authority to grant a partial exemption, and that his discretion extended to grant the total exemption only as set out by the Legislature, or to deny the exemption altogether if he found the business to be not in the public

interest. The Legislature did not set out any yardstick that would allow the Governor to use his discretion to grant less than the full exemption.

As we read the Act, the only prerequisite for an applicant to get a full exemption under the Act was for the Governor to find that the applicant was a new business and that said business was not against the public interest.

We interpret the Act as meaning that unless the Governor affirmatively found that the new business was not in the public interest, the applicant was entitled to the full exemption under the Industrial Incentive Act.

We are of the unanimous opinion that the Governor found the Bottling Corporation to be a new business under the provisions of the Industrial Incentive Act, and that the Governor did not find the new business to be not in the public interest.

The judgment of the Trial Court is reversed to the extent set out in this opinion, and judgment for Appellant is hereby rendered.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Appellant, Bottling Corporation of Samoa, is entitled to the full exemption as set out in the Industrial Incentive Act, Chapter 26.01, Code of American Samoa, 1961 Edition, Public Law 7–37.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said full exemption is effective as of October 23, 1962, the date of the Governor's letter granting the partial exemption. ACCORDINGLY, a certificate of full exemption in favor of Bottling Corporation of Samoa will be issued as provided for under the Act.

Done this 31st day of March, 1967.