In the Matter of ALLEGHENY NURS-ING SERVICE, INC., Debtor.

James E. MOODY, Trustee for Allegheny Nursing Service, Inc., Plaintiff,

v.

MONROEVILLE MEDICAL ARTS BUILDING, a Pennsylvania Limited Partnership, Defendant.

Bankruptcy No. 80–2080.
Adv. No. 81–1535.

United States Bankruptcy Court,
W. D. Pennsylvania.

Jan. 29, 1982.

Michael J. Henny, Pittsburgh, Pa., for plaintiff.

Arthur Cutruzzula, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the complaint of *Allegheny Nursing Services, Inc. v. Monroeville Medical Arts Building* for turnover and avoidance of a preferential transfer arising out of defendant-landlord's seizure of debtor-tenant's furniture located on the rented premises approximately two months prior to the debtor's filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

Debtor-tenant, herein plaintiff, alleges that while he was current in rental obligations to defendant, defendant took possession and barred plaintiff's access to premises, at which time furniture valued at $3,700.00 on debtor's schedule B–2(j) was located thereon. Plaintiff asserts that the seizure was wrongful and a voidable preference, and prays for the return of the equipment.

In its answer, defendant avers that at the time of the seizure plaintiff had abandoned the premises, and therefore its retention of the equipment was not wrongful. Defendant prays for dismissal of the complaint in its entirety.

The facts of the case are briefly as follows. On December 19, 1980, plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The previous April, plaintiff had entered into a five-year lease agreement with Monroeville Medical Arts Building for the rental of office space at a rate of $537.50 per month. On October 24, 1980, plaintiff informed defendant-lessor by letter that he was discontinuing business operations and would be vacating the premises. Prior to that time, plaintiff had allegedly attempted to remove some of his personal property from the leased premises. On October 24, 1980 defendant entered the premises, changed the locks and barred plaintiff from access to the premises and equipment contained thereon. At the time of this entry, the rental for the period ending October 31, 1980 had been paid in full. Plaintiff's requests for the return of its equipment were denied. De-

**596**

fendant responded with a letter stating that since plaintiff was in violation of the lease agreement, defendant intended to enforce the rights and remedies provided therein. Defendant further asserts that on October 24, 1980 the entire rent reserved under the lease became due pursuant to the lease provisions. Therefore, on that date, defendant properly exercised its statutory, common law, and contractual right to distress for rent, thereby perfecting its landlord lien. The Court is unconvinced of the tenability of the defendant's position and grants the relief requested by the plaintiff for the reasons that follow.

The defendant contends that it properly exercised its right of distress or distraint pursuant to Article III Sections 302 et seq. of the Pennsylvania Landlord and Tenant Act of 1951, which provides for a distress or distraint procedure which enables the landlord to take possession of and sell tenant's property located on the premises when tenant's rent is in arrearage. Although the courts of Pennsylvania have held that the sale provisions of the statute are constitutionally infirm for they provide for deprivation of property without due process of law, *Santiago v. McElroy*, 319 F.Supp. 284 (E.D. Pa.1970), *Musselman v. Spies*, 343 F.Supp. 528 (M.D.Pa.1972), the Court will further consider whether or not the facts in the present case justified the landlord's distraint of tenant's property, for the reason that no sale took place in the case at bar. 68 P.S. § 250.302, Landlord and Tenant Act of 1951, provides as follows: "Personal property located upon premises occupied by tenant shall, unless exempted by article four of this act, be subject to distress for any rent *reserved and due*." (emphasis added)

 In the case at bar, no rent was reserved and due at the time of the landlord's seizure. The statutory provision is clear, and Pennsylvania courts have confirmed that ordinarily the landlord's right to distraint does not arise until the rent obligation becomes due. *Bornstein v. Salerno*, 285 Pa. 507, 132 A. 700, 701 (1926). In the event that rent has been paid for the month during which the levy occurs, the landlord is not entitled to any rent for the

following month from the proceeds of a distress sale. *Reece v. Rodgers*, 40 Pa.Super. 171 (1909). Further, the burden is upon the distraining landlord to show that the rent was in arrears and immediately due and payable. Tenant's removal of his possessions from the leased premises does not, absent a lease provision to the contrary, give rise to the landlord's right of distress. *McElroy v. Dice*, 17 Pa. 163 (1851). Thus, it is apparent that there was no statutory right to distress in the case at bar, for the seizure occurred at a time when the tenant's rental obligation was current.

 Defendant next argues that on October 24, 1980, the entire rent became due pursuant to the terms of the lease agreement. Although ordinarily, there is no landlord right of distraint prior to the time when the rent falls due, parties can agree to the extension of the landlord's right of distraint by including in the lease an acceleration clause which serves to make future rental payments due immediately upon the happening of a specified event. In *Moyer v. Frankford Crate Co.* 133 Pa.Super. 262, 2 A.2d 589 (1938), the Court enforced a lease provision which provided that upon the tenant's attempted removal of his possessions from the rented premises, without having first paid the lessor, the whole rent due for the remainder of the term immediately became due. The Court recognized the landlord's right of distraint for the unpaid balance. Lease provisions specifying that upon default in rental installment payments, the entire rent due for the balance of the term becomes immediately due have also been met with acceptance by the Pennsylvania courts. *American Seating Co. v. Murdock*, 111 Pa.Super. 242, 169 A. 251 (1933).

However, a careful reading of the lease in the case at bar reveals no such clause providing for the acceleration of rental payments upon breach by the tenant. Provision 20(c) of the lease, upon which defendant relies in asserting its claim that future rental payments for the entire duration of the term became immediately due on October 24, 1980 merely provides the following:

c. If the Tenant abandons the Demised Premises or if the Landlord elects

to terminate the Tenant's right to possession only without terminating the Lease as above provided, the Landlord may remove from the premises any and all property found therein and such repossession shall not release the Tenant from Tenant's obligation to pay the rent herein reserved.

The clause neither provides for acceleration nor an extension of the landlord's right of distraint.

The case of *Bornstein v. Salerno,* *supra,* similarly deals with a landlord's attempt to distrain, at a time when no rent was due and owing, for the remainder of rental payments in a long-term lease on account of a breach by the tenant. Because of the similarity of facts and issues, the Court is satisfied that the holding is dispositive of the issue in the present case at bar. In *Bornstein, supra,* tenants removed their goods and machinery from the leased premises without the landlord's consent at a time when their current rental obligation had been paid in full. The landlord regarded the removal as a breach of the lease agreement, and subsequently levied upon the plaintiff's personal property by distraint for rental fees for the entire balance of the ten-year term, alleging that a lease provision authorized such action. The Court states that where the landlord claims entitlement to distress for an amount not yet due on account of tenant's breach, he must point to an express provision in the lease which clearly authorizes distraint for rent accruing for the remainder of the term. In the *Bornstein* case, as in the present case at bar, there is no such clause.

Therefore, on the basis that there is no right to distraint for rent not yet due unless there is a clear contractual provision to the contrary, the Court is satisfied that distraint was improper under the circumstances of this case. Since a landlord does not have a lien for rent in the absence of a proper distraint or levy, *Shalet v. Klauder,* 34 F.2d 594 (3 Cir. 1929), *In Re Uni-Lab, Inc.* 282 F.2d 123 (3 Cir. 1960), the Court concludes that Monroeville Medical Arts Building, defendant-lessor, did not have a valid landlord's lien, and consequently must turn over the distrained property to the trustee.

Assuming arguendo that defendant did have a valid landlord's lien, the Court would necessarily reach the same conclusion in the present case on the basis of 11 U.S.C. § 545(3) and (4) of the Bankruptcy Code, for these sections wholly invalidate statutory liens for rent; as well as liens for distress of rent, whether or not statutory. Further, a common law lien of distress for rent is invalidated even if not provided for by statute. Collier on Bankruptcy, 15th Ed. § 545.04.

Based on the foregoing conclusions that the defendant-lessor did not have a valid landlord's lien, for no rent was due at the time of the seizure; and alternatively, that even if valid, the landlord's lien would be invalidated by 11 U.S.C. § 545(3) and (4) of the Bankruptcy Code, the Court will grant the relief requested by plaintiff that the equipment or its value be turned over to the trustee.

An appropriate order will be entered.